# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TEAMCARE INFUSION ORLANDO, INC.,**

      **Plaintiff,**

-vs-　　　　　　　　　　　　　　　　　　　　　　　Case No.  6:10-cv-1752-Orl-22GJK

**SECRETARY, UNITED STATES**
**DEPARTMENT OF HEALTH AND HUMAN**
**SERVICES ,**

      **Defendant.**

_____

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT:

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S AMENDED MOTION FOR ATTORNEY'S FEES AND COSTS**<br>**(Doc. No. 45)** |
| **FILED:** | **August 13, 2012** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part.**

**I.　　BACKGROUND.**

On August 17, 2012, a judgment was entered reversing and remanding this case to the Secretary of the Department of Health and Human Services (the "Secretary") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. No. 41. Plaintiff now moves for an award of attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)

1

(hereafter "EAJA") and costs (the "Motion"). Doc. No. 45. In the Motion, Plaintiff requests the Court award a total of $45,426.79, representing $41,147.50 in attorneys' fees and $4,279.29 in the costs. Doc. No. 45 at 2.

In support of the Motion, Plaintiff attaches: 1) the joint affidavit of Plaintiff's counsel (the "Joint Affidavit"), Alan C. Gold, Esq., James L. Parado, Esq., and Charles S. Coffey, Esq. attesting to the reasonableness of the hourly rates requested and the hours expended; 2) detailed invoices showing the individual who performed each task, the number of hours expended, and a description of each task; 3) the affidavit of Bruce D. Fischman, Esq., an outside attorney who opines as to the general reasonableness of the hourly rates requested and the number of hours expended; 4) the affidavit of Mark Schneider, Plaintiff's president, who avers he could not locate another competent law firm anywhere to handle this case; and 5) the affidavit of Alan C. Gold, Esq., who states that the hourly rates request are reasonable because the "rate of $125.00 per hour is insufficient," and the Court should award the hourly rates requested. Doc. Nos. 45-1 at 1-31; 45-2; 45-4; 45-6.

The chart below reflects the attorneys' fees requested in the Motion and the Joint Affidavit:

| Attorney/Paralegal | Rate | Hours | Total |
|---|---|---|---|
| Alan C. Gold, Esq. | $350.00 | 40.4 | $14,140.00 |
| James L. Parado, Esq. | $250.00 | 107.04 | $26,760.00 |
| Charles S. Coffey, Esq. | $220.00 | 1.1 | $242.00 |
| Total | | 148.54 | **$41,142.00** |

Doc. Nos. 45 at 10; 45-1 at 1-2.  As set forth above, the Motion requests $41,147.50 in attorneys' fees, but, as reflected in the above table, that calculation is overstated by $5.50 ($41,147.50 - $41,142.00).  *Id*.  The number of hours requested in the Motion and Joint Affidavit also contains a miscalculation.  Plaintiff requests 107.04 hours of work for Mr. Parado.  Doc. No. 45-1 at 2.  However, the invoices attached to the Motion show that Mr. Parado expended only 106.74 hours of work on the case, a difference of 0.3 hours.  Doc. No. 45-1 at 8-31.[1]  Therefore, the table below reflects that total amount of attorneys' fees requested in the Motion, which is corrected for all calculation errors contained therein:

| Attorney/Paralegal | Rate | Hours | Total |
| --- | --- | --- | --- |
| Alan C. Gold, Esq. | $350.00 | 40.4 | $14,140.00 |
| James L. Parado, Esq. | $250.00 | 106.74 | $26,685.00 |
| Charles S. Coffey, Esq. | $220.00 | 1.1 | $242.00 |
| Total | | 148.24 | **$41,067.00** |

Plaintiff acknowledges that pursuant to the EAJA an award of attorneys' fees shall not be awarded in excess of $125.00 per hour "unless the court determines that an increase in the cost of living, or a special factor . . . justifies a higher fee." 28 U.S.C. § 2142(d)(2)(A)(ii); Doc. No. 45 at 6.  Plaintiff states that the statutory cap on attorneys' fees adjusted for inflation is currently $183.93 per hour.  Doc. No. 45 at 7.  In the Motion, Plaintiff argues that the following "special factors" warrant an increase in the statutory cap adjusted for inflation to the hourly rates requested above: 1) the 4,457 page record required counsel with special skills in Medicare's statutory, regulatory, and administrative framework; 2) counsel has represented Plaintiff since

---

[1] It appears that Plaintiff includes 0.3 hours of work in its request that was not actually charged to Plaintiff.  *See* Doc. No. 45-1 at 13.

2000, and has experience in the durable medical equipment, drugs, and supplies, which were at issue in this case; 3) counsel could not have undertaken the representation for $125.00 per hour; 4) counsel is located in Miami, Florida, which has a high cost of living; and 5) counsels' normal hourly rates have already been reduced from $450.00, $350.00, and $300.00 per hour respectively. Doc. Nos. 45 at 8-10; 45-6. In the alternative, Plaintiff requests that Court increase the statutory cap to $184.00 per hour to adjust for the increase in inflation. Doc. No. 45 at 10.[2]

Plaintiff also requests an award of $4,279.29 in other expenses and costs, representing: 35.4 hours of legal research performed by a law clerk at $90.00 per hour ($3,186.00); $350.00 in filing fees; $265.00 in service of process fees; and $478.29 in copy costs. Doc. Nos. 45 at 10; 45-1 at 2. Plaintiff provides no memorandum of legal authority or evidence, other than counsels' statement as to their amount, supporting the costs requested. Doc. Nos. 45; 45-1.

On September 24, 2012, the Secretary filed a response (the "Response") arguing that the Motion should be denied because the Secretary's position on appeal was substantially justified or, alternatively, the amount of attorneys' fees and costs should be reduced. Doc. No. 48. The Secretary maintains that its position on appeal was substantially justified because it was reasonable for the Secretary to argue that Plaintiff waived the issue of whether substantial evidence supported the Secretary's extrapolation of the amount of the overpayment, and the Court found in favor of the Secretary as to other issues. Doc. No. 48 at 3-5.[3]

---

[2] Plaintiff rounds up the increase in the cost of living from $183.93 per hour to $184.00 per hour. Doc. No. 45 at 7.
[3] On appeal, Plaintiff argued that the final decision of the Secretary should be reversed and remanded because: 1) the Secretary's action was arbitrary and capricious; 2) the Secretary should be estopped from enforcing overpayments due to prior approvals of similar claims for payment; 3) substantial evidence did not support the Secretary's finding that Plaintiff failed to provide sufficient documentation to support its billings; 4) the Secretary's credibility determination was not supported by substantial evidence; and 5) the records fails to contain substantial evidence supporting the total amount awarded by the Administrative Law Judge and the Medicare Appeals Council. *See* Doc. No. 39 at 1-2. Ultimately, the Court determined that the last issue raised by Plaintiff was meritorious and that there

As to the amount of attorneys' fees and costs, the Secretary does not object to an award of $183.93 per hour, which reflects the statutory cap plus an increase for inflation. Doc. No. 48 at 6. Nevertheless, the Secretary contends that none of the "special factors" identified by Plaintiff warrant a further increase in the hourly rates. Doc. No. 48 at 6 (citing *Healey v. Leavitt*, 485 F.3d 63, 69 (2d Cir. 2007) (finding no "special factor" for EAJA purposes because "[t]he attorneys here, while undisputably experienced in the practice of Medicare law, do not possess 'distinctive knowledge or specialized skill needful for the litigation in question.'") (citation omitted)). The Secretary maintains that the size of the record on appeal in this case does not warrant an increase in the statutory cap and that the Plaintiff has failed to demonstrate why the length of the transcript required specialized counsel. Doc. No. 48 at 7. The Secretary also contends that Plaintiff has failed to demonstrate how the length of counsel's representation of the Plaintiff warrants an increase in the statutory cap. Doc. No. 48 at 7. The Secretary argues that this was a straightforward appeal of a final determination on Medicare claims and, therefore, no further increase in the hourly rates is warranted. *Id*.

The Secretary maintains that the number of hours requested should be reduced by 17 hours because Plaintiff was required to redraft its original brief due to its failure to comply with the Local Rules when filing the original brief. Doc. No. 48 at 8 (citing Doc. No. 45-1 at 28).[4] As for the costs requested, the Secretary maintains that if the Court finds that the position of the Secretary was substantially justified, the Court should decline to award those costs. Doc. No. 48 at 9.

---

was insufficient information in the record to determine whether substantial evidence supported the Secretary's findings as to the individual beneficiaries. *See* Doc. Nos. 39 at 2, 17-24; 40.

[4] On August 8, 2011, Plaintiff filed a fifty-two (52) page brief in support of its position on appeal. Doc. No. 30. Local Rule 3.01(a) provides a twenty-five (25) page cap on motions or other applications for relief. *Id*. Accordingly, on October 27, 2011, the Court entered an order striking the original brief for failing to comply with Local Rule 3.01(a). Doc. No. 34. On November 14, 2011, Plaintiff filed an amended brief in compliance with the Court's order and Local Rule 3.01(a). Doc. No. 37.

II. ANALYSIS.

The Secretary maintains that its position on appeal was substantially justified and, therefore, no attorneys' fees or other costs are warranted under the EAJA. Doc. No. 48 at 2-5. While the Secretary was successful on three of the five issues raised on appeal, as the undersigned pointed out in the report and recommendation, the Secretary never even attempted to argue that the record contained substantial evidence supporting the amount of the overpayment in this case, but only argued unsuccessfully that Plaintiff waived that issue. *See* Doc. No. 39 at 2, 17-24. Based on this record, it is **RECOMMENDED** that the Court find that the Secretary's position was not substantially justified and Plaintiff is entitled to recover its reasonable attorneys' fees and costs under EAJA.

Regarding the hourly rates requested, the Court finds the "special factors" asserted by Plaintiff do not justify hourly rates beyond the statutory cap adjusted for the increase in inflation. First, the size of the record does not warrant such an increase and does not, in and of itself, require specialized counsel. Second, while counsel is undoubtedly well versed in the statutory, regulatory, and administrative framework of Medicare, so are all attorneys who routinely represent clients before the Medicare Appeals Council or before the Social Security Administration, which is also under the auspices of 42 U.S.C. § 405(g). In other words, if counsel's familiarity with Medicare warrants an increase in the statutory cap, then all attorneys who routinely practice before the same would be entitled to an increase. Such a finding would render the statutory cap meaningless. Third, Plaintiff provided no legal authority for the position that the length of counsel's representation of Plaintiff or the cost of living in Miami justifies a higher hourly rate. Doc. No. 45 at 8-9. Accordingly, it is **RECOMMENDED** that the Court

find that Plaintiff's counsel are entitled to a reasonable hourly rate of $183.93 per hour, which represents the statutory cap of $125.00 per hour adjusted for an increase in inflation.

As for the number of hours expended, Plaintiff's original brief exceeded the page limitations of Local Rule 3.01(a), and the Court required Plaintiff to file an amended brief. Doc. Nos. 30, 34, 37. The undersigned is persuaded that counsel should not be awarded for time expended amending the original brief, which did not comply with the page limitations of Local Rule 3.01(a). A review of the invoices shows that counsel expended 18.21 hours revising the original brief. Doc. No. 45-1 at 28. However, the Secretary only requests that the number of hours be reduced by 17 hours. Accordingly, it is **RECOMMENDED** that the Court reduce the total number of hours to 131.24 hours (148.24 – 17).

Regarding the amount of costs requested ($4,279.29), the EAJA provides that when the Court determines that the position of the Secretary was not substantially justified, the Court shall award "other expenses, in addition to any costs awarded [under 28 U.S.C. § 1920]." 28 U.S.C. § 2142(d)(1)(A) (referring back to 28 U.S.C. § 2412(a)(1)). The Secretary only argues that the Court should decline to award the requested costs as "other expenses" if the Court determines that the position of the Secretary was substantially justified. Doc. No. 48 at 8-9. As set forth above, it is recommended that the Court find that the position of the Secretary was not substantially justified and, therefore, in the absence of any other objection from the Secretary, it is **RECOMMENDED** that the Court award Plaintiff $4,279.29 in other expenses.

The chart below incorporates the undersigned's above stated recommendations:

| Rate | Hours | Total |
|---|---|---|
| $183.93 | 131.24 | $24,138.97 |
| Costs | | $4,279.29 |
| Total | | $28,418.26 |

### III. <u>CONCLUSION</u>.

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **GRANT** the Motion (Doc. No. 45) in part and award attorneys' fees and costs to Plaintiff in the amount of $28,418.26 under the EAJA; and

2. Otherwise, **DENY** the Motion.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on November 1, 2012.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of record
Unrepresented parties